IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02823-BNB

ANDRE J. TWITTY,

Applicant,

v.

RONNIE WILEY,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 13 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant, Andre J. Twitty, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Twitty filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994), two supporting briefs characterized as motions, and a prisoner's motion and affidavit for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

In an order filed on December 31, 2008, Magistrate Judge Boyd N. Boland granted Mr. Twitty leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and ordered him to show cause within thirty days why the habeas corpus application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Georgia (Northern District of Georgia). On January 28, 2009, Mr. Twitty submitted a response to the show cause order and a numbers of exhibits.

The Court must construe liberally the application, the response to the order to show cause, and the additional papers Mr. Twitty filed because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended application will be denied.

In 1999, Mr. Twitty was convicted, following a jury trial, in the Northern District of Georgia, in criminal case number 98-00374-CR-1-1, of wilfully communicating a bomb threat via the telephone and threatening federal law enforcement officers and their immediate family members. He was sentenced to 180 months in prison followed by three years of supervised release. On direct appeal, the United States Court of Appeals for the Eleventh Circuit (Eleventh Circuit) affirmed both his conviction and sentence. *See United States v. Twitty*, No. 99-12706, 31 Fed. Appx. 934 (11th Cir. Jan. 8, 2002) (unpublished), *cert denied*, No. 01-9256, 535 U.S. 1029 (Apr. 22, 2002). In 2002, the Northern District of Georgia has denied his motion pursuant to 28 U.S.C. § 2255 (2006) to vacate, set aside, or correct sentence. On appeal, the Eleventh Circuit denied a certificate of appealability. *See Twitty v. United States*, No. 04-12805 (11th Cir. Apr. 25, 2005) (unpublished order).

In 2006, in a prior 28 U.S.C. § 2241 action he initiated in this Court, Mr. Twitty attacked his Northern District of Georgia conviction and sentence. *See Twitty v. Wiley*, No. 06-cv-00177-ZLW (D. Colo. Mar. 29, 2006), *aff'd*, No. 06-1234 (10th Cir. July 17, 2006), *cert. denied*, No. 06-6290, 549 U.S. 967 (Oct. 10, 2006). In 2007, he again

2

attacked his conviction and sentence. *See Twitty v. Wiley*, No. 07-cv-02441-ZLW (D. Colo. Mar. 3, 2008), *appeal dismissed*, No. 08-1118 (10th Cir. June 11, 2008), *appeal dismissed*, No. 08-1277 (10th Cir. Oct. 29, 2008). In the instant action Mr. Twitty once again attacks his conviction and sentence.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

Courts have found the remedy provided in 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances. *See, e.g., Spaulding v. Taylor*, 336 F.2d 192, 193 (10th Cir. 1964) (§ 2255 remedy is ineffective when the sentencing

court is abolished); *Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir. 1965) (suggesting that § 2255 remedy might be ineffective when the sentencing court refuses to consider the § 2255 petition altogether or when the court inordinately delays consideration of the petition) (dictum); *Cohen v. United States*, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (noting that § 2255 remedy is ineffective when petitioner is sentenced by three courts, none of which could grant complete relief) (dictum).

The fact that Mr. Twitty previously was denied relief in the sentencing court pursuant to 28 U.S.C. § 2255 does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Furthermore, the fact that Mr. Twitty may be barred from filing a second or successive § 2255 motion also does not mean that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). Therefore, Mr. Twitty has failed to show cause why the application should not be denied because he has an adequate and effective remedy pursuant to § 2255 in the Northern District of Georgia. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action dismissed because Applicant, Andre J. Twitty, has an adequate and effective remedy

4

pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Georgia.

DATED at Denver, Colorado, this 12 day of February, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02823-BNB

Andre J. Twitty
Reg. No. 18558-018
ADX – Florence
PO Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/13/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk