IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR -6 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02823-ZLW

ANDRE J. TWITTY,

    Applicant,

v.

RONNIE WILEY,

    Respondent.

---

ORDER DENYING MOTIONS TO RECUSE AND TO RECONSIDER

---

This matter is before the Court on the motion titled "Motion to Correct the Fraudulent Order of Defendant Weinshienk, Judgment Void, Fed. R. Civ. P. Rule 60(b)(4), Abuse of Discretion, Recusal of Judges Weinshienk, Boland, Writ of Mandamus, Brief in Support" submitted *pro se* by Applicant, Andre J. Twitty, and filed with the Court on February 26, 2009. Mr. Twitty seeks reconsideration of the order of dismissal and the judgment filed on February 13, 2009, denying his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). He also asks for the recusal of the district and magistrate judges in this case. Mr. Twitty is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.

The Court must construe the February 26, 2009, motion liberally because Mr. Twitty is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the

motion will be construed as a motion to recuse and a motion to reconsider. The liberally construed motions to reconsider and to recuse will be denied.

Mr. Twitty asks the Court to recuse itself because the Court is biased against him. In support of his allegation of bias, Mr. Twitty asserts that the Court repeatedly has ruled against him. Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse him or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the party seeking recusal. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). "[T]here is a substantial burden on the moving party to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable

person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. See *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Twitty's allegation that the Court repeatedly has ruled against him is not sufficient to demonstrate that disqualification is appropriate pursuant to either 28 U.S.C. § 144 or § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the liberally construed motion to recuse will be denied.

The Court next will address the liberally construed motion to reconsider. The Court denied the application and dismissed the action because Mr. Twitty has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 (2006) in the United States District Court for the Northern District of Georgia. The reasons for the dismissal are explained in greater detail in the February 13, 2009, dismissal order.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; see also *Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days

after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

On February 13, 2009, judgment was entered in favor of Respondent and against Applicant. The liberally construed motion to reconsider was filed on February 26, 2009. Applicant filed the motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the motion to reconsider properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to reconsider that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1244.

Upon consideration of the entire file, the Court finds and concludes that Mr. Twitty fails to demonstrate some reason why the Court should reconsider and vacate its decision to dismiss this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to Correct the Fraudulent Order of Defendant Weinshienk, Judgment Void, Fed. R. Civ. P. Rule 60(b)(4), Abuse of Discretion, Recusal of Judges Weinshienk, Boland, Writ of Mandamus, Brief in Support" submitted *pro se* by Applicant, Andre J. Twitty, and filed with the Court on

February 26, 2009, and which the Court has construed liberally as a motion to recuse and a motion to reconsider filed pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this 5 day of March, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02823-ZLW

Andre J. Twitty
Reg. No. 18558-018
ADX – Florence
PO Box 8500
Florence, CO 81226-8500

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/6/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk